this property to Bresnahan would defeat the right of appellee to bring this action. The appellee asked no instruction upon this question defining either his rights in case, if the jury found the instrument offered to be a mortgage or the rights of appellant in case the jury found it to be an absolute sale; so that the jury was uninstructed upon the vital question in the case, and the court, we think, erred in refusing to give appellant the instruction above referred to, or some of the other instructions advising the jury substantially as to appellant's rights. The statute under which this suit is brought is penal, and before the sheriff could be made liable in double the value of the property then it must appear clearly that a right of action exists in the plaintiff.

We are satisfied from the proceedings contained in this record that the jury was not fully and fairly instructed as to the real issues involved in the case and that a new trial should be awarded, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

---

**Alexander Robertson, Administrator, Appellee, v. The Chicago & Alton Railroad Company, Appellant.**

### (Not to be reported in full.)

Appeal from the City Court of Granite City; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Alexander Robertson, administrator of the estate of Jerry Watson, deceased, against the Chi-

cago & Alton Railroad Company to recover damages for the death of deceased caused by being struck by defendant's train while deceased was driving a team and wagon over a street crossing. From a judgment in favor of plaintiff for six thousand dollars, defendant appeals.

C. E. POPE, for appellant; SILAS H. STRAWN, of counsel.

M. R. SULLIVAN and T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 733*—*when liable for collision at crossings.* In an action against a railroad company for injuries causing death of plaintiff's intestate and alleged to have been caused by defendant's negligence in running its train so as to run over decedent while he was attempting to drive his team across defendant's tracks at a street intersection, a verdict for plaintiff, *held,* sustained by the evidence.

2. RAILROADS, § 746*—*when rate of speed question for jury,* Whether train was running at a speed greater than permitted by ordinance, *held,* to be a question for the jury.

3. APPEAL AND ERROR, § 1561*—*when refusal of requested instructions harmless.* Refusal of requested instructions included in other instructions given cannot be complained of.

4. NEGLIGENCE, § 192*—*contributory negligence at railroad crossing as question for jury.* In an action to recover for the death of a person killed by collision with a railroad train at a street crossing, where the evidence as to the care exercised by deceased is conflicting, the question is for the jury who may take into consideration in determining it, the ordinance regulating the rate of speed of trains at the crossing.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.